IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MARQUIS C. COPEZ, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. JRR-23-984 |
| DAVID BOWMAN, *et al.*, | * | |
| Defendants. | * | |

***

## MEMORANDUM OPINION

Self-represented plaintiff Marquis C. Copez, an inmate presently incarcerated at North Branch Correctional Institution ("NBCI") in Cumberland, Maryland, filed the above-captioned civil rights action pursuant to 42 U.S.C. § 1983 against David Bowman, Sgt. Jacob Northcraft, Sgt. Leon Goodrich, and Sgt. Gary Drozda. ECF No. 1. Plaintiff alleges that on March 6, 2023, Defendants violated an institutional policy when they harassed him for "speaking [his] mind," although he posed no threat to NBCI or to other inmates. *Id.* at 2-3. Plaintiff also claims that Defendants called him racial slurs in retaliation for his filing of a civil suit against another correctional officer. *Id.* He seeks monetary damages. *Id.* at 4.

Defendants filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (the "Motion"), arguing that Plaintiff failed to exhaust his administrative remedies prior to filing suit and, in any event, fails to state a claim. ECF No. 11. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court informed Plaintiff that failure to file a response in opposition to the Motion could result in dismissal of his Complaint. ECF No. 14. Plaintiff filed nothing further.

Having reviewed the submitted materials, the court finds that no hearing is necessary. Local Rule 105.6 (D. Md. 2023). For the reasons set forth below, Defendants' Motion shall be granted.

## Background

Plaintiff alleges that on March 16, 2023, after he filed a civil suit against an NBCI correctional officer, Defendants came to his cell and harassed him. Complaint, ECF No. 1 at 2-3. According to Plaintiff, Defendants used racial slurs and "placed [him] on lockup" in retaliation for his filing. *Id.* He attaches Declarations from other inmates stating that they heard the verbal abuse. ECF No. 1-2. Plaintiff claims that Defendants' acts violated his First Amendment right to freedom of speech. ECF No. 1 at 2-3.

Also attached to Plaintiff's Complaint are copies of a Request for Administrative Remedy Procedure ("ARP") that Plaintiff submitted on March 18, 2023. ECF No. 1-1. On March 20, 2023, the ARP Coordinator informed Plaintiff that his ARP was dismissed because additional information was needed to investigate his request. *Id.* at 1. Plaintiff was directed to "resubmit by 4-4-23 and include . . . How were you harassed? Officer presence and interaction are required [illegible] duties." *Id.* Plaintiff neither re-submitted his ARP nor appealed the dismissal, summarily claiming that "they have not been giving my rights to due process." *See* ECF No. 1 at 2.

## Standards of Review

Defendants' Motion is styled as a motion to dismiss under FED. R. CIV. P. 12(b)(6) or, in the alternative, for summary judgment under FED. R. CIV. P. 56. A motion styled in this manner implicates the court's discretion under Rule 12(d) of the Federal Rules of Civil Procedure. *Kensington Vol. Fire Dept., Inc. v. Montgomery County*, 788 F. Supp. 2d 431, 436-37 (D. Md. 2011). The court's review of a Rule 12(b)(6) motion typically is limited to the pleadings,

2

documents attached to the complaint, and the parties' briefs. *See* Fed. R. Civ. P. 12(b)(6), 12(d); *see also* Fed. R. Civ. P. 10(c). The court also may consider documents integral to and explicitly relied on in the complaint when their authenticity is not disputed. *See Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 607 (4th Cir. 2015).

When the parties present, and the court considers, matters outside the pleadings on a Rule 12(b)(6) motion, the court must treat the motion as one for summary judgment under Rule 56, and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." FED. R. CIV. P. 12(d); *see also Adams Housing, LLC v. The City of Salisbury, Maryland*, 672 F. App'x 220, 222 (4th Cir. Nov. 29, 2016) (*per curiam*). When the movant requests summary judgment "in the alternative" to dismissal and submits matters outside the pleadings for the court's consideration, the parties are deemed on notice that conversion under Rule 12(d) may occur; the court "does not have an obligation to notify parties of the obvious." *Laughlin v. Metro. Wash. Airports Auth.*, 149 F.3d 253, 261 (4th Cir. 1998).

Summary judgment is governed by FED. R. CIV. P. 56(a), which provides in part: "The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion. "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*,

346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)), *cert. denied*, 541 U.S. 1042 (2004).  The court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witnesses' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc*., 290 F.3d 639, 644-45 (4th Cir. 2002); *see FDIC v. Cashion*, 720 F.3d 169, 173 (4th Cir. 2013).

The district court's "function" is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.  Moreover, the trial court may not make credibility determinations on summary judgment. *Jacobs v. N.C. Administrative Office of the Courts*, 780 F.3d 562, 569 (4th Cir. 2015); *Mercantile Peninsula Bank v. French*, 499 F.3d 345, 352 (4th Cir. 2007); *Black & Decker Corp. v. United States*, 436 F.3d 431, 442 (4th Cir. 2006); *Dennis*, 290 F.3d at 644-45.  Therefore, in the face of conflicting evidence, such as competing affidavits, summary judgment is generally not appropriate, because it is the function of the factfinder to resolve factual disputes, including matters of witness credibility.

Nevertheless, to defeat summary judgment, conflicting evidence, if any, must give rise to a genuine dispute of material fact.  *See Anderson*, 477 U.S. at 247-48.  If "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," then a dispute of material fact precludes summary judgment.  *Id*. at 248; *see also Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013).  On the other hand, summary judgment is appropriate if the evidence "is so one-sided that one party must prevail as a matter of law." *Anderson,* 477 U.S. at 252.  Similarly, "the mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."  *Id*.

Because plaintiff is self-represented, his submissions are liberally construed.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  The court, however, must also abide the "'affirmative obligation

4

of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial.'"
*Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778–79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986)).

## Discussion

Defendants raise the affirmative defense that Plaintiff has failed to exhaust his administrative remedies. If Plaintiff's claim has not been properly presented through the administrative remedy procedure, it must be dismissed pursuant to the Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. §1997e. The PLRA provides in pertinent part:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

For purposes of the PLRA, "the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 42 U.S.C. § 1997e(h). The phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *see Chase v. Peay*, 286 F. Supp.2d 523, 528 (D. Md. 2003), *aff'd*, 98 Fed. App'x. 253 (4th Cir. 2004).

Notably, administrative exhaustion under § 1997e(a) is not a jurisdictional requirement and does not impose a heightened pleading requirement on the prisoner. Rather, the failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by defendants. *See Jones v. Bock*, 549 U.S. 199, 215-16 (2007); *Custis v. Davis*, 851 F.3d 358, 361 (4th Cir. 2017).

Nevertheless, a claim that has not been exhausted may not be considered by this court. *See Bock*, 549 U.S. at 220. In other words, exhaustion is mandatory. *Ross v. Blake*, 578 U.S. 632, 639 (2016). Therefore, a court ordinarily may not excuse a failure to exhaust. *Ross*, 578 U.S. at 639 (citing *Miller v. French*, 530 U.S. 327, 337 (2000) (explaining "[t]he mandatory 'shall'. . . normally creates an obligation impervious to judicial discretion")).

Ordinarily, an inmate must follow the required procedural steps in order to exhaust his administrative remedies. *Moore v. Bennette*, 517 F.3d at 717, 725, 729 (4th Cir. 2008); *see Langford v. Couch*, 50 F.Supp. 2d 544, 548 (E.D. Va. 1999) ("[T]he . . . PLRA amendment made clear that exhaustion is now mandatory."). Exhaustion requires completion of "the administrative review process in accordance with the applicable procedural rules, including deadlines." *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006). This requirement is one of "proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits).'" *Woodford* 548 U.S. at 93 (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)) (emphasis in original). But the court is "obligated to ensure that any defects in [administrative] exhaustion were not procured from the action or inaction of prison officials." *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007); *see Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006).

Inmates housed at an institution operated by the Department of Public Safety and Correctional Services ("DPSCS") may avail themselves of the administrative grievance process which is designed for "inmate complaint resolution." *See generally* MD. CODE ANN., Corr. SERVS. ("C.S."), §§ 10-201, *et seq.*; CODE OF MD. REG. ("COMAR") 12.07.01.01B(1) (defining ARP). If an ARP is filed and denied, the prisoner may appeal the denial within 30 days to the Commissioner of Correction. If the Commissioner of Correction denies the appeal, the prisoner may file a grievance with the Inmate Grievance Office ("IGO"), also within 30 days. OPS.185.0002.05D;

C.S. § 10-206(a); C.S. § 10-210; COMAR 12.07.01.05B.  If the grievance is determined to be "wholly lacking in merit on its face," the IGO may dismiss it without a hearing.  C.S. § 10-207(b)(1); *see* COMAR 12.07.01.07B.  An order of dismissal constitutes the final decision of the Secretary of DPSCS for purposes of judicial review.  C.S. § 10-207(b)(2)(ii).

Here, Plaintiff was aware of the administrative grievance process, and he filed an ARP regarding the incident at issue.  However, because his request did not provide sufficient information, his ARP was denied for procedural reasons.  Although Plaintiff was given an opportunity to resubmit his request with the necessary information, it does not appear that he did so; nor did he appeal the dismissal.  Moreover, given that the ARP Coordinator gave specific instructions regarding the information to be resubmitted, Plaintiff's summary assertion that he did not file an appeal because he was denied due process fails to generate a factual dispute or legal question sufficient to defeat the Motion.  Because Plaintiff failed to exhaust his administrative remedies prior to filing federal suit, his Complaint shall be dismissed without prejudice.

## Conclusion

For the foregoing reasons,by separate order, Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment, will be granted.

/S/

December 4, 2023

Julie R. Rubin
United States District Judge